**FANG MEI LI, Also Known as Fang Mei Lee, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

**No. 06–5160–ag.**

United States Court of Appeals, Second Circuit.

July 19, 2007.

Gang Zhou, New York, N.Y., for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Fang Mei Li, a citizen of the People's Republic of China, seeks review of an October 12, 2006 order of the BIA affirming the June 15, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fang Mei Li*, No. A96 395 097 (B.I.A. Oct. 12, 2006), *aff'g* No. A96 395 097 (Immig. Ct. N.Y. City June 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In this case, the IJ addressed only Li's claim that she was persecuted "on account" of her religious beliefs. The BIA affirmed and adopted the IJ's decision that Li had failed to establish the requisite nexus between the persecution alleged and one of the protected grounds. However, in addition to her claim based on her religious beliefs, the BIA also reviewed Li's allegations in terms of her actual and imputed political opinion toward police corruption and police brutality. Therefore, we review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We also review *de novo* the agency's legal conclusion that evidence presented in support of an asylum claim was insufficient to satisfy an applicant's burden of proof. *See Jin Shui*

*Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003).

At the onset, we note that Li did not argue before the BIA or before this Court that she was persecuted on account of her religious beliefs. Accordingly, we deem any that waived and consider only her political opinion claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005) (noting that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

The BIA properly concluded that Li had failed to establish that the persecution she endured was "on account" of her political opinion. Li argues that her political opinion was manifested during her confrontation with officers when she commented on their abuse of police power, extortion of money "by using brute force," and "thug-like behavior" in police uniforms. In determining whether an applicant's opposition to corruption constitutes political opinion this Court must address whether the applicant's actions were "directed toward a governing institution, or only against individuals whose corruption was aberrational," and whether the persecutor "was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang,* 426 F.3d at 548 (internal quotation marks omitted).

In this case, the impetus of Li's comments to the officers was the officers' disruption of a festival and their subsequent harassment of her father. Thus, her comments regarding the officers' abuse, use of "brute force," and threat of extortion were not directed toward an endemically corrupt government institution, but against individuals whose corruption was "aberrational." While the officers responded by beating, arresting, detaining, and fondling Li and, according to Li's father, claimed

that she "openly defam[ed] the reputation of public security officers and disturb[ed] social order," there is no evidence to suggest that they were suppressing a challenge to a governing institution. Rather it appears that the officers were reacting to Li's "challenge to isolated, aberrational acts of greed or malfeasance." *Id.* Furthermore, because Li's actions did not "transcend[ ] mere self-protection," they did not demonstrate a political opinion against the Chinese government that could serve as a basis for asylum. *Id.* at 547–48 (noting that "opposition to endemic corruption or extortion ... may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime"). While it is unfortunate that Li has suffered for her isolated comments, as a matter of law, she is not entitled to political asylum.

The BIA also properly denied relief on the basis of an imputed political opinion since there is nothing in the record to establish that the officers perceived Li as opposing a government policy or practice that is visited on the population at large. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (holding that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act"); *see also Yueqing Zhang,* 426 F.3d at 545 (noting that it is not sufficient that the persecutor act from a generalized political motive).

Because the BIA correctly determined that Li failed to meet her burden in establishing eligibility for asylum, denial of withholding of removal, which requires a higher burden of proof, was also proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Li has failed to meaningfully challenge the denial of her CAT

claim to this Court, it is deemed waived. *See Yueqing Zhang,* 426 F.3d at 542 n. 1.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioners pending motion for a stay of removal in this petition is DENIED as moot.